IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNILOC USA, INC. and <br> UNILOC LUXEMBOURG, S.A., | § <br> § <br> § | Civil Action No. 2:16-cv-694 |
| Plaintiffs, | § <br> § | |
| v. | § <br> § | PATENT CASE |
| TENCENT AMERICA LLC and <br> TENCENT HOLDINGS LIMITED, | § <br> § <br> § | |
| Defendants. | § | JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against Defendants, Tencent America LLC and Tencent Holdings Limited ("Defendants"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L- 2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4. Upon information and belief, Tencent America LLC is a Delaware corporation having a principal place of business at 661 Bryant Street, Palo Alto, CA 94301 and offers its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas. Among other things, Defendant Tencent America LLC engages in marketing activities that promote the use of WeChat. Defendant Tencent America LLC also purchases and owns servers in the U.S. that allow users to download clients. Defendant Tencent America LLC may be served with process through its registered agent: Offshore Incorporations Limited, 1013 Centre Road, Wilmington DE 19805.

5. On information and belief, Defendant Tencent Holdings Limited is a corporation organized and existing under the laws of the People's Republic of China with its principal place of business located at Tencent Building, Kejizhongyi Avenue, Hi-tech Park, Nanshan District, Shenzhen, 518057, the People's Republic of China and offers its products, including those accused herein of infringement, to customers and/or potential customers located in Texas and in the judicial Eastern District of Texas

## JURISDICTION AND VENUE

6. Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, Defendants are deemed to reside in this judicial district, have committed acts of infringement in this judicial district, and/or have purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

8. Defendants are subject to this Court's jurisdiction pursuant to due process and/or the

Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 8,724,622)

9. Uniloc incorporates by reference the above paragraphs.

10. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 13, 2014. A true and correct copy of the '622 Patent is attached as Exhibit A hereto.

11. Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

12. Defendants have marketed and currently markets a voice and mobile messaging application (or "app") under the name "WeChat" which can be downloaded to a device from links provided at http://www.wechat.com/en/ as well as the through other sites such as Google Play and the Apple App Store.

13. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:



Source: https://play.google.com/store/apps/details?id=com.tencent.mm

14.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:

**What can WeChat do?**
With WeChat, you can chat with your friends instantly via voice messages, texts, or images. You can also create group chats to chat with several friends together.

Source: http://www.wechat.com/en/faq.html#iphone

15.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:

**2. Simplify your chat messages**
Next time you're spending hours drafting a long text message, think about sending a WeChat voice message instead. You just press and hold the "Hold to Talk" button to record and release to send. Or you can send an animated sticker that perfectly sums up your emotion with one tap.

Source: http://blog.wechat.com/2014/08/05/6-ways-to-simplify-your-life-with-wechat/

16. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:



Source: http://pt.wikihow.com/Usar-os-Recursos-do-Wechat

17. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:



https://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?t=help_center/topic_detail&opcode=2&plat=ios{{getLang}}&id=1208117b2mai1410

24naQz6z&lang=en&Channel=helpcenter

18. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:



Source: http://www.wechat.com/en/features.html#voice

19. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:






Source: http://tips.wechat.com/posts/4509.html

20. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:



Source: http://www.nairaland.com/1375249/download-wechat-nokia-blackberry-htc

21.     Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app:

- **Better Privacy:** Unlike WhatsApp, WeChat does not tell other people whether you are online, offline or when you were last seen.  And it won't notify the sender if you received their message.  While WhatsApp allows anyone with your number to send you an instant chat (whether you like them or not), WeChat lets you approve people before allowing them send you a message.  WeChat also lets you "log out" – good for when you don't want to be notified of incoming messages but you don't want to shut down your mobile phone entirely.

Source: http://sinopundit.com/2013/04/how-chinas-wechat-messaging-app-disrupts-the-global-mobile-landscape-taking-on-whatsapp-facebook-and-soon-the-world/

8

22. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app

**Can I receive messages after logout?**

You won't receive any messages after you exit WeChat on an iOS device. For users who are not logged in to WeChat, unread messages will be saved for up to 3 days after they have been sent. Be sure to keep WeChat logged in so can read messages in time before they expire.

Source: http://help.wechat.com/cgi-bin/micromsg-bin/oshelpcenter?opcode=2&plat=ios&lang=en&id=1208117b2mai141024MfqQjY&Channel=helpcenter

23. Upon information and belief, the following describes, at least in part, certain aspects of a representative sample of Defendants' mobile messenger app



Source: https://appworld.blackberry.com/webstore/content/18536566/?countrycode=US&lang=en

24. Defendants have directly infringed, and continue to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least Claims 3, 4, 6-8, 10, 11, 13-23, and 38 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Defendants' mobile messenger app system running iOS,

9

Android and/or WP8.x during the pendency of the '622 Patent which software and associated Defendants' servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

25. In addition, should Defendants' mobile messenger app system be found to not literally infringe the asserted claims of the '622 Patent, Defendants' mobile messenger app system would nevertheless infringe the asserted claims of the '622 Patent. More specifically, the accused mobile messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). Defendants would thus be liable for direct infringement under the doctrine of equivalents.

26. Defendants may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

27. Uniloc has been damaged, reparably and irreparably, by Defendants' infringement of the '622 Patent and such damage will continue unless and until Defendants are enjoined.

### COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

28. Uniloc incorporates by reference the above paragraphs.

29. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015. A true and correct copy of the '433 Patent is attached as Exhibit B hereto.

30. Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all

substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

31. Defendants have directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least Claims 1, 6, and 8 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Defendants' mobile messenger app system running iOS, Android and/or WP8 during the pendency of the '433 Patent which software and associated Defendants' servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

32. In addition, should Defendants' mobile messenger app system be found to not literally infringe the asserted claims of the '433 Patent, Defendants' accused mobile messenger app system would nevertheless infringe the asserted claims of the '433 Patent. More specifically, the accused mobile messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted). Defendants would thus be liable for direct infringement under the doctrine of equivalents.

33. Defendants may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

34. Uniloc has been damaged, reparably and irreparably, by Defendants' infringement of the '433 Patent and such damage will continue unless and until Defendants are enjoined.

## COUNT III
(INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

35. Uniloc incorporates by reference the above paragraphs.

36. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on May 19, 2009. A true and correct copy of the '890 Patent is attached as Exhibit C hereto.

37. Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

38. Defendants have directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-6, 14, 15, 17-20, 28, 29, 31-34, 40-43, 51-54, and 62-65 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Defendants' mobile messenger app system running iOS, Android and/or WP8.x during the pendency of the '890 Patent which software and associated Defendants' servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

39. In addition, should Defendants' mobile messenger app system be found to not literally infringe the asserted claims of the '890 Patent, Defendants' accused mobile messenger app system would nevertheless infringe the asserted claims of the '890 Patent. More specifically, the accused mobile messenger app system performs substantially the same function (instant voice messaging), in

substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). Defendants would thus be liable for direct infringement under the doctrine of equivalents.

40. Defendants may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

41. Uniloc has been damaged, reparably and irreparably, by Defendants' infringement of the '890 Patent and such damage will continue unless and until Defendants are enjoined.

### COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

42. Uniloc incorporates by reference the above paragraphs.

43. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on June 12, 2012. A true and correct copy of the '747 Patent is attached as Exhibit D hereto.

44. Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

45. Defendants have directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least Claims 1 and 12 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling Defendants' mobile messenger app system running iOS, Android and/or WP8.x during the pendency of the '747 Patent which software and associated Defendants' servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one

or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

46. In addition, should Defendants' mobile messenger app system be found to not literally infringe the asserted claims of the '747 Patent, Defendants' accused mobile messenger app system would nevertheless infringe the asserted claims of the '747 Patent. More specifically, the accused mobile app performs substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same result (delivering voice messages with attached file(s) to available intended recipients). Defendants would thus be liable for direct infringement under the doctrine of equivalents.

47. Defendants may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its mobile messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

48. Uniloc has been damaged, reparably and irreparably, by Defendants' infringement of the '747 Patent and such damage will continue unless and until Defendants re enjoined.

## PRAYER FOR RELIEF

Uniloc requests that the Court enter judgment against Defendants as follows:

(A) that each Defendant has infringed the '622 Patent, '433 Patent, '890 Patent, and '747 Patent;

(B) awarding Uniloc its damages suffered as a result of each of Defendant's infringement of the '622 Patent, '433 Patent, '890 Patent, and '747 Patent pursuant to 35 U.S.C. § 284;

(C) enjoining each Defendant, its officers, directors, agents, servants, affiliates, employees,

divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '622 Patent, '433 Patent, '890 Patent, and '747 Patent pursuant to 35 U.S.C. § 283;

(D) awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E) granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 30, 2016

Respectfully submitted,

*/s/ James L. Etheridge*

James L. Etheridge
Texas State Bar No. 24059147
Ryan S. Loveless
Texas State Bar No. 24036997
Brett A. Mangrum
Texas State Bar No. 24065671
Travis L. Richins
Texas State Bar No. 24061296
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd., Suite 120 / 324
Southlake, Texas 76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
Jim@EtheridgeLaw.com
Ryan@EtheridgeLaw.com
Brett@EtheridgeLaw.com
Travis@EtheridgeLaw.com

*Counsel for Plaintiffs Uniloc USA, Inc. and Uniloc Luxembourg S.A.*